UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| POWER THE FUTURE,<br><br>  Plaintiff,<br><br>  v.<br><br>ENVIRONMENTAL PROTECTION AGENCY,<br><br>  Defendant. | Civil Action No. 23-1381 (JMC) |

**ANSWER**

Defendant, the United States Environmental Protection Agency ("EPA" or "Agency"), by and through the undersigned counsel, hereby responds to Plaintiff Power the Future's Complaint alleging violations of the Freedom of Information Act ("FOIA") (ECF No. 1).

**RESPONSES TO THE NUMBERED PARAGRAPHS OF THE COMPLAINT**

Defendant denies all allegations in the Complaint, including the relief sought, except as specifically admitted in this Answer. To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's responses are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other, action; or (c) admissible in this, or any other, action. Defendant responds to the separately numbered paragraphs and prayer for relief in the Complaint as follows:

1. Paragraph 1 contains Plaintiff's characterization of this action and Plaintiff's request for relief, to which no response is required. To the extent a response is required, Defendant

admits that Plaintiff filed a complaint asserting claims under FOIA arising from a FOIA request that Plaintiff submitted to Defendant. Defendant denies the remaining allegations.

2. Paragraph 2 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations, and avers that it timely invoked unusual circumstances to extend the deadline for completing its response to the request to July 14, 2023, in accordance with 5 U.S.C. § 552(a)(6)(B) of the FOIA.

3. Paragraph 3 consists of statements of law and legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## PARTIES[1]

4. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 4.

5. Defendant admits the allegations in Paragraph 5.

## JURISDICTION AND VENUE

6. Paragraph 6 contains Plaintiff's statements of law regarding jurisdiction to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction over this action, subject to the limitations of FOIA.

7. Paragraph 7 contains Plaintiff's statements of law regarding venue to which no response is required. To the extent a response is required, Defendant admits that venue is proper in this District for a properly stated FOIA claim.

---

[1] For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believes that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

8. Paragraph 8 consists of statements of law and legal conclusions to which no response is required. To the extent a response is required, the allegations are denied.

## PLAINTIFF'S FOIA REQUEST

9. Defendant admits that Plaintiff submitted a FOIA request through the FOIAonline.gov portal on April 17, 2023. To the extent that Paragraph 9 purports to characterize the contents of the referenced document, Defendant respectfully refers the Court to that document for a true and complete statement of its content and denies any allegations inconsistent therewith.

10. Defendant lacks sufficient knowledge or information to form a belief about the truth of the allegations contained in Paragraph 10.

11. Paragraph 11 consists of legal conclusions to which no response is required. To the extent that a response is required, Defendant avers that Agency records indicate an acknowledgement letter was sent in response to Plaintiff's request on April 17, 2023 and has no reason to believe it was not received. Defendant further avers that it timely invoked unusual circumstances to extend the deadline for completing its response to the request to July 14, 2023, in accordance with 5 U.S.C. § 552(a)(6)(B) of the FOIA. To the extent that Paragraph 11 purports to characterize the contents of the April 17, 2023 correspondence, Defendant respectfully refers the Court to that document for a true and complete statement of its content and denies any allegations inconsistent therewith. Defendant otherwise denies the allegations in this paragraph.

12. Paragraph 12 consists of legal conclusions and Plaintiff's characterization of the FOIA, to which no response is required. The cited FOIA provision and cited case are the most complete and accurate representations of their contents. Defendant denies any allegations concerning these documents in Paragraph 12 that are inconsistent with their text.

13. Paragraph 13 consists of legal conclusions and Plaintiff's characterization of the FOIA, to which no response is required. The cited FOIA provisions are the most complete and accurate representation of their contents. Defendant denies any allegations or characterizations of those provisions in Paragraph 13 that are inconsistent with their text.

14. Paragraph 14 consists of a legal conclusion to which no response is required. To the extent a response is required, Defendant admits that it did not seek to toll the request deadline using either of the provisions of the statute cited in paragraph 14 and otherwise denies the allegations in this paragraph.

15. Paragraph 15 consists of legal conclusions to which no response is required. The cited case is the most complete and accurate representation of its contents. To the extent a response is required, Defendant denies the allegations and avers that it timely invoked unusual circumstances to extend the deadline for completing its response to Plaintiff's request to July 14, 2023, in accordance with 5 U.S.C. § 552(a)(6)(B) of the FOIA.

16. Paragraph 16 consists of legal conclusions, to which no response is required. The cited case is the most complete and accurate representation of its contents. To the extent a response is required, Defendant denies the allegations and avers that it timely invoked unusual circumstances to extend the deadline for completing its response to Plaintiff's request to July 14, 2023, in accordance with 5 U.S.C. § 552(a)(6)(B) of the FOIA.

17. Paragraph 17 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant denies the allegations and avers that it timely invoked unusual circumstances to extend the deadline for completing its response to Plaintiff's request to July 14, 2023, in accordance with 5 U.S.C. § 552(a)(6)(B) of the FOIA.

18. Paragraph 18 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant admits it had not sent a final response to the request as of the date of the complaint, and otherwise denies the allegations in Paragraph 18.

19. Paragraph 19 consists of legal conclusions to which no response is required. To the extent a response is deemed required, Defendant denies the allegations and avers that it timely invoked unusual circumstances to extend the deadline for completing its response to Plaintiff's request to July 14, 2023, in accordance with 5 U.S.C. § 552(a)(6)(B) of the FOIA.

## FIRST CLAIM FOR RELIEF
### Duty to Produce Records – Declaratory Judgment

20. Defendant incorporates by reference its responses to Paragraphs 1 through 19.

21. Paragraph 21 contains conclusions of law to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 21.

22. Paragraph 22 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 22.

23. Paragraph 23 consists of legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 23.

24. Paragraphs 24(a), 24(b), and 24(c) characterize Plaintiff's request for relief and contain conclusions of law, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief, and denies any remaining allegations in Paragraphs 24(a), 24(b), and 24(c).

## SECOND CLAIM FOR RELIEF
### Duty to Produce Records – Injunctive Relief

25. Defendant incorporates by reference its responses to Paragraphs 1 through 24.

26. Paragraph 26 consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief.

27. Paragraph 27 consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief.

28. Paragraph 28 consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any other relief.

## THIRD CLAIM FOR RELIEF
### Costs and Fees – Injunctive Relief

29. Defendant incorporates by reference its responses to Paragraphs 1 through 28.

30. Paragraph 30 consists of statements of law to which no response is required. The cited FOIA provision is the most complete and accurate representation of its contents. Defendant denies any allegations or characterizations inconsistent with those cited provisions.

31. Paragraph 31 consists of Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Defendant denies that Plaintiff is entitled to the requested relief or to any other relief.

## PRAYER FOR RELIEF

The remainder of the Complaint consists of Plaintiff's prayer for relief to which no response is required. To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested in these paragraphs, elsewhere in the Complaint, or to any relief whatsoever.

## DEFENSES

Defendant respectfully requests and reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to it through the course of the litigation.

### First Affirmative Defense

Information that Plaintiff seeks in its FOIA request is exempt from disclosure in whole or in part under the FOIA, and Defendant has not improperly withheld any records under 5 U.S.C. § 552, as amended.

### Second Affirmative Defense

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA, 5 U.S.C. § 552.

### Third Affirmative Defense

Plaintiff is neither eligible for nor entitled to costs or fees in this action.

### Fourth Affirmative Defense

Plaintiff is not entitled to production of non-exempt portions of records that are not reasonably segregable from exempt portions of records.

### Fifth Affirmative Defense

Plaintiff has failed to exhaust administrative remedies with respect to the FOIA request at issue.

### Sixth Affirmative Defense

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

**Sixth Affirmative Defense**

Defendant exercised due diligence in processing Plaintiff's FOIA request and exceptional circumstances exist that necessitate additional time for Defendant to continue its processing of Plaintiff's FOIA request. *See* 5 U.S.C. § 552(a)(6)(C).

| | |
|---|---|
| Dated: July 6, 2023<br>Washington, DC | Respectfully submitted,<br><br>MATTHEW M. GRAVES, D.C. Bar #481052<br>United States Attorney<br><br>BRIAN P. HUDAK<br>Chief, Civil Division<br><br>By:       /s/ *Sian Jones*<br>       SIAN JONES, DC Bar # 1024062<br>       Assistant United States Attorney<br>       U.S. Attorney's Office, Civil Division<br>       601 D Street, N.W.<br>       Washington, D.C. 20530<br>       (202) 252-2578<br>       sian.jones@usdoj.gov<br><br>*Attorneys for the United States of America* |